Martin, J.
delivered the opinion of the court. The only point in issue in this case is whether a certain power of attorney mentioned in the petition, be legally proven, so as to be ad *326 mitted in evidence. The suit was before this court in February, 1816, and was remanded with directions to the judge, to receive testimonial proof of the genuineness of the signatures, and of the official character of the person, who appears to have received the instrument, as a notary public. 4 Martin, 283, 605.
East'n. District.
Jan. 1818.
In compliance withthese directions, the evidence was received. A witness has sworn, that he knows the person, who appears to have received the instrument, to be a notary public&emdash; that he has never seen him write, but he has seen several instruments executed before him, (the witness having been an attorney, in the place in which the notary lives) and verily believes, that the power of attorney is subscribed by the person, before whom it purports to have been executed.
Another witness deposes,that he knows the two persons, who (as members of the cabildo) have certified the genuineness of the notary's signature and his character, that he has seen them write, and verily believes that the signa- tures at the foot of their certificate, are genuine ones.
The sum claimedbeing under $500, we are of opinion, that the parish judge erred n re- jecting the instrument, as not sufficiently prov- East'n. District. Jan. *327 . One witness having sworn that he has often seen the signature of the notary, and believe the one at the bottom of the power of attorney to be genuine, there was a sufficient legal presumption of the fact, to allow the admission of the power, if no circumstance was offered to lessen the presumption. None was offered, and the proof of the signatures of the members of the cabildo strongly corroborated it.
Cauchoix for the plaintiff, Morel for the defendants.
The judgment of the parish court is therefore, annulled, avoided and reversed, and it is ordered, adjudged and decreed, that the plaintiff recover from the defendants, the two dividends declared on the sum of three hundred and forty dollars, with costs of suit in both courts.