SYNDIC OF
M'MANUS
*vs.*
JEWETT.

SYNDIC OF McMANUS *vs.* JEWETT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

In acts of sale and conveyance of immoveable property, the sale is not complete until all the parties sign the act; and until *all* have signed, those that first signed may recede.

But in a contract of sale signed by the vendor and vendee, in which the price and terms of payment are settled, the stipulation that a third person named in the act, will release a certain mortgage, is a stipulation in favor of the purchaser, is collateral to the contract; and the sale does not depend on that condition, and is valid without the signature of such third person.

The voluntary execution of a contract, carries with it a renunciation of all exceptions which the party executing might have set up against it in relation to vices or nullities of form.

A third person named in an act of sale, who stipulates therein to release a mortgage on the property sold, may be called as a witness by the vendee to prove that he had released the mortgage as *stipulated*, although he never signed the act containing this stipulation.

A sale made to one *not a creditor*, by an insolvent or absconding debtor, even within the three months preceding his failure, is not presumed to be fraudulent, and in an action to annul it, the burthen of proof is on the party attacking the contract.

The 5th section of the act creating the office of register of conveyances, requiring all acts of transfer of immovable property and slaves, whether passed before a notary or otherwise, to be registered, or to have no effect against third persons but from the day of registry, does not apply to purchasers *without notice;* and operates in favor of such creditors of the vendor as have a *recorded* judgment, or an attachment *levied* before registry.

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

The registry of an act of sale in the office of the register of conveyances, before any proceedings are had against the purchaser, or notice to him of the claims of the creditors of the vendor, renders the sale valid, although not made until after a sequestration issues against the property.

A sequestration is a judicial deposit, and is essentially a conservatory act, which does not divest the title of the owner, and gives the creditor no greater right than he had before.

This suit is brought by the syndic of the creditors of Francis McManus, an absconding debtor, to annul two acts of sale made by McManus to the defendant, of three lots of ground in New-Orleans, when on the eve of brankruptcy.

The petition charges that McManus conveyed to John Jewett, of the city of New York, a lot of ground on Commerce street, by a public act, dated the 13th of February, 1833, and also two other lots by notarial act, dated the 30th of January, 1833; copies of which acts are annexed to the petition. That the sale of the 13th of February is not valid, because it was not completed by the signatures of all the parties, nor recorded in the office of the register of conveyances until after McManus had absconded; that the act of the 30th of January, 1833, was never registered, and can have no effect against the creditors of McManus. The transfer of these lots by the said acts is alleged to be voidable as to the creditors of McManus, for the following reasons: 1st., Because they were made by McManus, when he was insolvent, to the knowledge of the defendant, and for the purpose of defrauding his creditors. 2d., Because the said sales and transfers were made without any considera-tion being paid by the defendant. The plaintiff prays that Jewett be cited by his agent residing in New-Orleans, and that an attachment issue against said property, and an attorney be appointed to defend; and that he may have judgment annulling said sales, and decreeing the lots in question to be the property of the creditors of McManus.

The defendant denies generally the plaintiff's demand, and that he has no right or title to the property, as claimed

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

in his petition, but avers that he, defendant, is the *bona fide* owner thereof.

*Wethersby*, testified that McManaus absconded and left his store on the 14th of February, 1833.

The statement of facts in the record shows that the creditors of McManus filed their petition against him as an absconding debtor and obtained an order of sequestration of the lots in question, and for a meeting of his creditors on the 16th of February, 1833; and the next day provisional syndics were appointed.

The sheriff returned the writ of sequestration as having been executed the day it issued, but the property was afterwards appraised. No notice appears to have been given to the defendant of these proceedings.

The certificate of the register of conveyances showed that the act of sale of the 13th February, 1833, was registered in his office on the 18th of February, two days after the sequestration; and the act of January 30th, 1833, was registered February 4th, 1833. The act of February 13th, contained the following clause and stipulation, viz: "McManus declares he has disposed of his stock in the bank of Louisiana to D. F. Burthe, who has obligated himself to cause the mortgage on said lots in favor of the bank, to be *cancelled*; and for better certainty, the said D. F. Burthe hereby declares and obligates himself to cause said mortgage to be cancelled in sixty days from the date hereof." The vendor and vendee signed the act, but Burthe omitted to sign.

On the trial, the defendant's counsel offered to prove by Burthe that he was a party to said act, and that the stipulation therein contained on his part had been complied with, and the mortgage cancelled. The plaintiff's counsel objected to his being sworn as a witness, on the ground that *parol* evidence could not be received to supercede the necessity of the signatures of all the parties to the act. The court sustained the objection, and refused to suffer the testimony to go to the jury, because it did not go to contradict the allegation in the plaintiff's petition, that the notarial act had not

been signed by Mr. Burthe. A bill of exception was taken to the opinion of the court.

The judge, in his charge to the jury, stated that the first sale was attacked on the ground of nullity. 1st, That Burthe omitted to sign the acts. 2d, That no delivery took place. 3d, That the sale was made within three months of McManus' failure. 4th, That the act was not recorded in the office of the register of conveyances, until two days after the sequestration issued.

The second sale is attacked: 1st, As to one of the lots, the deed was not recorded, it being recorded only for the lot in Appollo street. 2d, In relation to both lots, the sale took place within three months of the insolvency. 3d, In relation to Burthe's omitting to sign, he charged " that every party mentioned in a contract must sign it, or otherwise all the other parties who have signed may recede."

There was a verdict in favor of the plaintiff, and judgment rendered thereon, annulling the two sales of the lots in contest, and decreeing them to be the property of the creditors of McManus.

The defendant appealed.

*Preston*, for the plaintiff and appellee, made the following points:

1. The sales of McManus to the defendant are null, because the sale of two of the lots was not registered in the office of the register of conveyances, so as to have effect against third persons.

2. The creditors of McManus are third parties, as respects the sales from him to the defendant. *La. Code*, 2522. *Pothier on Obligations, no.* 750. *Merlin's questions de droit, verbo Tiers, sec.* 2, *vol.* 16.

3. The decision in the case of *Doubrere* vs. *Guellier's syndic,* 2 *Martin, N. S.* 174, was made under the provisions of the old Civil Code, which said such sales " shall have

*(margin:* EASTERN DIS. *May,* 1834.

SYNDIC OF M'MANUS *vs.* JEWETT.*)*

Eastern Dis.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

effect to the *prejudice* of persons not parties to the act only, &c." The expressions in the new Code on this subject, are unequivocal, and do not sustain that decision. *La. Code*, 2242, 2417.

4. Two legal presumptions of fraud or simulation are raised against these sales: First, Because they were made but a short time before the failure of McManus. Second, Because no delivery to the vendee took place.

5. All sales of insolvent debtors' property made within three months before failure are null, unless the purchaser shows that they were made for a just consideration, and delivered *bona fide* at the time. 2 *Moreau's Digest*, 431, *sec.* 24.

6. Where no delivery of property sold takes place, fraud is presumed. *La. Code*, 2456. So if the vendor remains in possession under a precarious title. 4 *La. Reports*, 339.

7. The act to which Burthe is a party, is not complete for want of his signature. 3 *Martin*, 349. 8 *Toullier*, 159, *no.* 102, 183, *et seq. Merlin's Reports and Questions de Droit. Vervo Signature.*

8. The creditors have rights which the parties to these sales have not and cannot have, because the law gives them their remedy under a forced surrender. *La Code*, 1969.

9. The creditors do not loose their right to this property, because the transfer as to them is null, not having been recorded in the office of the register of conveyances.

10. An attaching creditor can only attach the rights of his debtor; but in the case of *Williams* vs. *Hagan et al.*, the creditors obtained rights which the debtor could not claim. 2 *La. Reports*, 122.

11. The registry of the acts of sale could not take place after the sequestration issued. The sheriff had the keys, and was ordered to sequester all the property in question.

12. The whole transactions in relation to these sales, were fraudulent. The jury, no doubt, so considered them, and their verdict ought not to be disturbed.

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

*Hoffman* and *Sterrett*, for the defendant and appellant, contended that:

1. This being a trial by jury, and the opinion of the court on the question of law arising therein, being manifestly erroneous, the judgement must be reversed and the cause remanded for a new trial.

2. The sale was complete and binding without the signature of Mr. Burthe, he being neither vendor nor vendee. His acceptance could be shown by proof of acceptance. *Vide* 3 *N. S.* 584. 2 *La. Reports*, 461.

3. The court erred in the opinion that the proceedings had by the creditors of McManus, after his departure, was evidence of his insolvency at the time he left. Could it be said that a person who removes from the state, taking with him the mass of his property, was insolvent, because he left property less than the amount of his debts? In this case there is strong circumstantial evidence that Mr. McManus carried off more than was sufficient to pay his debts. *Civil Code, art.* 1980, *and* 3522, *no.* 15.

4. The plaintiff has failed to make out his allegation that McManus was insolvent in 1832, or at any time before his departure. His departure is not conclusive proof of that fact.

5. The charge of the court to the jury was erroneous *in toto*. The evidence does not in the least justify the belief that the defendant knew that McManus was insolvent, for no one else supposed it. The testimony, taken together, leaves the impression on the mind that he was not insolvent. If not insolvent, then the principles invoked by the plaintiff's attorney and by the court, have no application. The registry of the sale cannot be inquired into, for the creditors are not third persons with regard to a contract or judgment. *Vide* 2 *Martin, N. S.* 175.

BULLARD, J., delivered the opinion of the court.

The plaintiff as syndic of the creditors of McManus seeks to avoid two sales of town lots made by the insolvent on the eve

EASTERN DIS.
*May*, 1834.

SYNDIC OF
M'MANUS
*vs.*
JEWETT.

of his absconding, upon several grounds, which we shall proceed to notice in the order in which they have been argued.

I. The first alleged nullity in one of the acts of sale is that it was not signed by Mr. Burthe. The act recites that there exists on the lots a mortgage in favor of the Union Bank to secure certain stock, but that the stock had been transferred to Mr. Burthe who had engaged to have the mortgage cancelled. It then goes on to say, that for greater certainty Mr. Burthe appeared before the notary and declared that he had purchased the stock and was the only person interested, and consequently engages to cause the mortgages to be released within sixty days, but he did not sign the act. The judge charged the jury, that every party mentioned in a deed must sign, otherwise the other parties may retract, and that the plaintiff representing Mr. McManus, the vendor may retract.

*In acts of sale or conveyance of immovable property the sale is not complete until all the parties sign the act; and until all have signed those that first signed may recede.*

This court has held that until all the parties to an act have signed, the act is not complete and those who have signed may recede. *Villeré et al.* vs. *Brognier*, 3 *Martin* 326. *Wells* vs. *Dill*, 1 *N. S.* 592.

The rule is founded on the principle that each party signs on the tacit condition that all the other parties will sign; that until the final assent is given there is no concurrence of different minds and that before that is given any one may retract. But the question in this case is different. The con-

*But, in a contract of sale signed by the vendor and vendee in which the price and terms of payment are settled, the stipulation that a third person named in the act, will release a certain mortgage, is a stipulation in favor of the purchaser, is collateral to the contract and the sale does not depend on that condition and is valid without the signature of such third person.*

tract is one of sale, both the vendor and purchaser signed with the notary and witnesses. The price and terms of payment are settled in the act. The stipulation that Mr. Burthe should release the mortgage was in favor of the purchaser and only collateral to the principal contract. The sale is not made to depend on that condition and the purchaser does not insist on the stipulation, Mr. Burthe was a stranger to the principal contract and its validity in our opinion as between the vendor and vendee does not depend on his signing the act.

*The voluntary execution of a contract carries with it a renun-*

But there is another principle which appears to the court applicable to this case. The voluntary execution of a contract carries with it a renunciation of all exceptions which the party

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

executing might have set up against the act in relation to vices or nullities of form.   8 *Toullier, No.* 140.

McManus received in presence of the notary a note secured by mortgage on the lot and paraphed by the notary for four thousand dollars as a part of the price.   The Bank of Louisiana received the further sum of one thousand dollars according to the conditions of the contract, this is *protanto* an execution of the contract.   It seems to us clear that McManus cannot now retract, at least without refunding what has been received, much less his syndics.

In connexion with this part of the case we will notice a bill of exceptions in the record.  · Mr. Burthe was offered as a witness to prove that in point of fact he had released the mortgage as was contemplated by the parties.   His testimony was refused on the ground that parole evidence is inadmissible to supercede the necessity of the signatures of all the parties, and that it did not go to contradict the allegation in the petition that the act was not signed, the effect of such want of signature being a question still open for discussion.

If it be true that the voluntary execution of a contract will cure mere vices of form and that assent to a contract may be in some cases shown by evidence *aliundé*, it would seem to follow, that evidence of such execution is admissible.   In this case the purchaser who alone had any interest in having the mortgage released offers to prove that it was released. It is true the evidence does not go directly to negative the allegation that Mr. Burthe did not sign the act, but it goes to prove the performance of an act, which renders such a stipulation wholly superfluous.   We are of opinion that the court erred in refusing the testimony.

II. Another ground relied on to annul the sale is that it was made within three months preceding the failure of McManus and is presumed to be fraudulent and that the purchaser must show the fairness of the contract.   In support of this position the plaintiff's counsel has cited the act of 1817.   The 24th section of that act is in the following words: "Any debtor who shall be convicted of having at any time within the three months next preceding his failure, sold, en-

ciation of all exceptions which the party executing might have set up against it in relation to vices or nullities of form.

A third person named in an act of sale, who stipulates therein to release a mortgage on the property sold, may be called as a witness by the vendee to prove that he had released the mortgage as stipulated although he never signed the act containing the stipulation.

EASTERN DIS.
   May, 1834.
═══════════
SYNDIC OF
 M'MANUS
   vs.
 JEWETT.

gaged, or mortgaged any of his goods and effects or of having otherwise disposed of the same or confessed judgment in order to give an unjust preference to one or more of his creditors over the others, shall be debarred from the benefit of this act and the said deeds or acts shall be declared null and void, provided however, that if the purchaser of said property shall prove that the said property was either sold or engaged to him for a true and just consideration by him *bona fide* deliv ered at the time of such deed the said sales and mortgages shall be declared valid." 2 *Moreau's Digest*, 431.

The words " in order to give an unjust preference to one or more of his creditors over the others," appears to us to relate to all the preceding clauses of the sentence. The proviso must therefore apply to the same class of persons. A sale made to one not a creditor even within the three months is not presumed to be fraudulent, and in an action to annul such sale, the burden of proof is on the party attacking the contract. This statute, as the judge very properly remarked to the jury, is to be taken in connexion with the provisions of the Code. *Article* 1979 declares, that " every contract shall be deemed to have been made in fraud of creditors, when the obligee knew that the obligor was in insolvent circumstances, and when such contract gives to the obligee, if he be a creditor, any advantage over other creditors of the obligor." Other circumstances attending the transaction, such as the vendor retaining possession, may throw the *onus probandi* on the purchaser; but unless it be shown that the purchaser knew of the insolvency, or was a creditor at the time, the legal presumption is in favor of the contract.

III. The plaintiff further contends that the sale of two of the lots is null and can have no effect as to the creditors, because it was not registered in the office of the register of conveyances before the sequestration was sued out. That the creditors of McManus, represented by the syndic, are third persons, and he relies on the 5th section of the act of 1827. 2 *Moreau's Digest*, 303.

On the other hand it is contended, that the plaintiff is a

*A sale made to one not a creditor by an insolvent or absconding deb tor, even within the three months preceding his fail ure, is not pre sumed to be frau dulent, and in an action to annul it the burthen of proof is on the party attacking the contract.*

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS.
vs.
JEWETT.

third person only in a modified sense; that to a certain extent he represents and is the *ayant cause* of McManus, that the Code has distinguished between creditors individually and the creditors in cases of failure, for whose benefit the ceding debtor has surrendered his property, and that in this latter case the creditors can claim the privilege of third persons only in relation to such contracts as they entered into with the insolvent in ignorance of the rights which he had transferred to another: And he cites the last paragraph of the *Civil Code*, which declares, that " in cases of failure, third persons are *particularly* the creditors of the debtor who contracted with him without knowledge of the rights which he had transferred to another."

We will not affect to conceal the difficulty we find in giving a construction to this clause. We think ourselves bound to give effect to it if we can ascertain what the legislature intended, and to what extent it meant that the creditors of an insolvent should or should not be bound by his contracts. The general rule is that all who are not parties to a contract or judgment, are third persons; then comes the clause above recited. State the proposition in a different form. The creditors of an insolvent are third persons, particularly when they contracted with him without knowledge of the rights which he had transferred to another. If they are third persons generally, it was wholly unnecessary to say they are in particular. Take the converse of the proposition. Creditors are not third persons; that is to say, are bound by the contracts of their debtor, of which they had knowledge when they became creditors. In that form it would seem to be merely a paraphrase of the old maxim, that he who complains of a fraud must show an interest at the time the alleged fraud was committed. Those who contracted afterwards have no right to complain, except when in ignorance of rights which had been transferred to another. There might be among the creditors of an insolvent some who, according to these principles, could not individually avoid a contract of their debtor, of which they had notice at the date of their debts, and others who might complain of being

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

injured by the contract. The 1988 article of the Code declares, that " no creditor can by the action given by this section sue individually to annul any contract made before the time his debt accrued." On the failure of his debtor, can he acquire any new action or right by being represented in common with the other creditors by a syndic? The judgment in the revocatory action must be, that the contract complained of be annulled as to its effect on the complaining creditors only. By that we understand those who had a right to complain. *Civil Code, art*. 1972. There may be cases then, in which a part of the creditors of an insolvent would have no right to complain; and a part might cause a particular contract to be annulled as respects its effects on them. But the syndic represents them all. If this be the construction of this part of the Code, of which we give no positive opinion, it seems to have no application to the case before the court, because it is hardly possible to conceive that any of the debts of McManus were contracted after the date of his deed to Jewett.

The words of the act of the legislature are positive, that such contracts shall have no effect against third persons, but from the day of their being registered; until then, the contract, though passed before a notary public and two witnesses, has no existence as to third persons.

But may it not be said, that if the creditor is a third person as to the contract of his debtor with a stranger, by which he sells a part of his property, the purchaser is also a third person as to the debt, which being simply chirographic has no date and no existence as to him, without notice." Are they not reciprocally third persons as to each other's contracts? "Les actes sous signature privée, says Pothier, étant sujets à être antédaté ne font ordinairement foi contre les tiers que la chose qu'ils renferment s'est passée, sinon du jour qu'ils sont rapportés et produits au tiers." 2 *Pothier des Ob. No*. 715.

The Code provides that an individual creditor cannot exercise the revocatory action until he has obtained a judgment against his debtor, unless the defendant in such action is also made a party to the action to liquidate the debt. It

would seem an anomaly if a single chirographic creditor could cause to be annulled a sale made by his debtor to a stranger, merely on the ground that the sale is to have no effect as to him, and yet deny to the purchaser the right to urge in his defence the same principle; that he also is a third person without notice in relation to the very debt which forms the basis of his action. If the law requires notice to the creditor or third persons, to give effect to a contract against them, does it not equally require some notice of the debt to give it effect against those who contract with the debtor? Wherever there is a recorded judgment or an attachment levied before the registry, the statute applies.

In the case of *Williams* vs. *Hagan et al.* the plaintiff had levied an attachment on the slaves before the conveyance to the defendant was registered according to the statute, and this court sustained the attachment, considering the conveyance without effect as to the attaching creditor, and that the property was still as to him the property of his debtor. There was notice to the purchaser, and a species of lien created on the property, but if the creditor had waited until the conveyance was registered, the sale would have had effect against the creditor, unless proved fraudulent. 2 *La. Rep.* 122.

In the case now before the court, the deeds appear to have been registered before any proceedings were had against the purchaser. He was not a party to the proceedings against the absconding debtor, who appears to have been in good credit up to the day of his departure. The question therefore is, whether it was too late to record the deed after the issuing of the sequestration? At what time was the purchaser still at liberty to register his deed, so as to give it effect against third persons, supposing the transaction a fair one, entered into *bona fide* in ignorance of the insolvency, and for a valuable consideration?

The writ of sequestration was issued on the 16th, and executed on the same day, but it does not appear that the lots in question were sequestered, nor had the defendant so far as it appears, any notice of the proceeding. The deed

EASTERN DIS.
*May*, 1834.

SYNDIC OF
M'MANUS
*vs.*
JEWETT.

The 5th section of the act creating the office of register of conveyances, requiring all acts of transfer of immoveable property and slaves, whether passed before a notary or otherwise to be registered, or to have no effect against third persons but from the day of registry, does not apply to purchasers *without notice* and operates in favor of such creditors of the vendor as have a recorded judgment or an attachment levied before registry.

The registry of an act of sale in the office of the register of conveyances before any proceedings are had against the purchaser, or notice to him of the claims of the creditors of the vendor, renders the sale valid, although not made until a sequestration issues against the property.

EASTERN DIS.
May, 1834.

SYNDIC OF
M'MANUS
vs.
JEWETT.

A sequestration is a judicial deposit, and is essentially a conservatory act which does not divest the title of the owner, and gives the creditor no greater right than he had before.

was registered on the 18th, and provisional syndics appointed two days afterwards. It is contended that the sequestration is equivalent to an attachment, and that the creditors thereby acquired such a lien as to render the conveyance of no effect. A sequestration is a judicial deposit, and is essentially a conservatory measure. It does not divest the title of the owner, and gives the creditors no greater right than they had before. The purpose of a sequestration in such cases is the safe keeping of the property of the absconding debtor until provisional syndics are appointed to take possession.

The defendant was no party to these proceedings, and to give effect to them against him, would be in violation of the very rule we are called on to enforce. The proceeding on the part of the defendant was undoubtedly suspicious and worthy of consideration by the jury on the question of fraud· All we intend to say is, that if the sale was in other respects *bona fide*, it was perfect as to McManus, and might be registered at the time it was done, so as to give it effect against third persons. The fact that McManus retained possession of the lot under a precarious title, furnishes presumptive evidence of simulation, and in cases of this kind, the purchaser must produce proof that he was acting in good faith, and establish the reality of the sale. *Civil Code, art.* 2456. If the sale was simulated or in fraud of the rights of creditors, it is liable to be annulled notwithstanding the registry. All these questions are left to the decision of a jury as of their peculiar province. But the parties have a right to a fair and impartial trial by jury, uninfluenced by any misconceptions of the law on the part of the court in the hurry of the trial.

Upon the whole, we think the court erred in instructing the jury that one of the deeds was null as to all the parties, because not signed by Mr. Burthe, and that the creditors obtained by the sequestration on the 16th of February, such a lien as is contemplated by the authorities cited by the defendant's counsel; if by that the judge meant to convey the idea that it was too late to register his deed after the sequestration issued, so as to give it effect as to third persons;

and in refusing to permit Mr. Burthe to be sworn to prove
the fact that he had released the mortgage referred to in the conveyance.

Whether the contract was simulated or in fraud of creditors, or void in other respects, must be left to another jury to decide according to the evidence which may be adduced by the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided and reversed, and that the case be remanded for a new trial, with directions to the judge not to refuse any legal evidence that the mortgage mentioned in one of the deeds was released by Mr. Burthe, and to abstain from instructing the jury that the said deed was null as to all parties, and that the plaintiff had a right to retract for McManus, because the act was not signed by Mr. Burthe; and that the sequestration created such a lien in favor of the creditors, as to preclude the defendant from the right of registering his other conveyance, so as to give it effect against third persons; and that the plaintiff pay the costs of the appeal.