FAURES *vs.* COINÇON.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

A contract, or agreement, which has never been perfected, and not having been adhered to and signed by all the contemplated parties, is not binding on those who have signed.

This is an action against the maker of a promissory note.

There was, first, a plea of the general issue, and admitting the signature; and in a supplemental answer, the further plea of a prolongation of time of payment, for eighteen, twenty-four and thirty-six months; a kind of voluntary respite. A document to support this plea, signed by three or four creditors, and among them the plaintiff, consenting to give this time on condition that all agreed to it, or signed. Many of the creditors refused, or failed to sign.

The judge presiding, however, seemed to be of opinion that the suit was premature, non-suited the plaintiff, and he appealed.

*Mitchell,* for the plaintiff.

*Canon,* contra.

*Simon, J.,* delivered the opinion of the court.

This is a suit on a promissory note. On the day fixed for the trial, the defendant, who had originally joined issue by admitting his signature, asked leave to amend his answer, in order to set up that since the case had been put at issue, the plaintiff had agreed to grant him the delay of eighteen, twenty-four and thirty-six months, to pay the debt. The amendment was permitted by the court, and the plaintiff took his bill of exceptions. There was judgment as in case of non-suit, and for costs, against the plaintiff; from which judgment he appealed.

On the trial of the suit, the defendant produced a document signed by plaintiff, purporting to be a general consent, given by defendant's creditors, to grant him a certain delay

to pay his debts.   It says : *Nous soussignés, créanciers de la*
*maison Coinçon & Cie., &c., consentons et par le présent nous*
*engageons à accorder au dit sieur F. X. Coinçon, &c.*   It con-
tains a list of the names of numerous creditors, and of the
amounts due them respectively, and appears to have been
drawn for the purpose of getting all the creditors, therein
named, to sign it, and grant a voluntary respite.   Four cre-
ditors, only, have signed the instrument, and among them
the plaintiff, who consented, conditionally, and "*en cas
qu'aucun des créanciers ci-contre mentionnés ait un privilège avant
une créance.*"

It seems, to us, clear that the contract has never been       A contract
perfected, and that having not been adhered to and signed  or    agreement,
which has never
by all the contemplated parties, it is not binding on those  been perfected,
and not having
who have signed it.   3 *Martin*, 326 ;  5 *Martin*,  677 ;  been adhered to
and signed by
4 *Louisiana Reports*, 553.   The creditors who have not  all the contem-
signed the agreement, would be left at liberty to en-  plated parties, is
not binding on
force their rights ; and were we to decide that the contract  those who have
signed.
is obligatory on the plaintiff, the condition under which he
gave his consent would become vain and ineffectual, as the
other creditors, by being allowed to proceed against the
debtor, would certainly have the means of obtaining an
advantage, or a preference over the plaintiff.

Had the contract been binding upon the plaintiff, we are
not ready to say that he could not have proceeded to judg-
ment in order to liquidate his claim, and that its effect ought
not to be understood beyond a mere stay of execution during
the time agreed on, provided the debtor faithfully complied
with his obligations.

Under this view of the question, it becomes unnecessary
to examine the bill of exceptions.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Commercial Court be annulled, avoided
and reversed ; and this court, proceeding to give such judg-
ment as ought to have been rendered in the lower court, it is
ordered, adjudged and decreed, that the plaintiff do recover
of the defendant the sum of three hundred and nine dollars,

with five per cent. interest per annum from the 15th of December, 1839, until paid, costs of protest, and costs in both suits.