### *WALDEN* vs. *DURALDE.*

The recorder of mortgages is bound to record, on the order of the judge, proceedings by *scire facias* to revive a judgment in a court of the U. S. in another district, and to state such a record on his certificate.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.

The petitioner states he is the mediate and intermediate purchaser of several lots, which were sold on execution, as the property of Livingston, and being desirous of disposing of them, he applied to the defendant, the recorder of mortgages, for a certificate, and he instead of confining himself to a statement of the mortgages really existing on said lots, or stating that no mortgage existed on his books, obstinately refused, stating that the premises

were encumbered by a pretended mortgage,

resulting from a judgment of the United States
against said Livingston for $100,000 and costs.

The petition concludes with a prayer that
the pretended mortgage be declared null and of
no effect against the petitioner, that the defend-
ant may be prohibited from stating it in his
certificate and pay damages.

The defendant denied the plaintiff's right to
sue him, as he was without interest in the suit,
and the United States were the only party con-
cerned.    He denied he had stated any mort-
gage, on his certificate, not actually existing
on his books, against the principal, and to the
rest of the petition the general issue was plead-
ed.

There was judgment for the defendant, and
the plaintiff appealed.

His counsel urges, that

1. The pretended mortgage was not regis-
tered according to law.

2. The execution of the judgment of the
United States was not ordered by one of the
judges of this state.

3. No authentic copy of the judgment was
given to the defendant to be recorded.

4. Nothing was offered for record or record-
ed but a *fi. fa.*

It appears that the attorney of the United
States for this district on the fifteenth of July,
1822, presented a petition to the judge of the
first district of this state, stating that the United
States in December 1803 had obtained the
judgment stated in the petition, and in the Dis-
trict Court of the United States for the district
of New York, which was revived by a writ of
*scire facias* in May, 1822, whereupon he pray-
ed an order for the record of the judgment in
the books of the recorder of mortgages. To
this petition was annexed an authentic copy of
the *scire facias*, the return of it, and the order
and judgment of the court for the revival of
the original judgments. The district judge or-
dered the registry accordingly.

It is clear that on the prayer of the petition as
far as it goes to the court declaring that there
exists no mortgage, and prohibiting the defend-
ant to state any in his certificate, nothing could
be done in a suit to which the United States
are not a party. They ought to be heard be-
fore any judgment affecting any right of theirs
be given.

So that our only enquiry is whether the plain-
tiff be entitled to damages from the defendant.

The appellant's counsel erroneously consi-
dered the judgment in favor of the United
States, in one of their courts, as a judgment to
be executed by one of the ministerial officers
of this state, and consequently requiring the
fiat of one of its judges.   In such judgments,
the individual states, though independent, are
mere judicial districts of the Union, and stand
to each other in the same relation as one of
the parishes of the state to any other.   The
marshal of the United States for the Louisiana
district derived his authority from the court of
the United States in New York.

The decision of that court on the motion of
the United States, after notice to Livingston in
due form, asking the revival of the original
judgment, was recorded as a judgment by the
attorney of the United States, after obtaining
an order for that purpose from a state judge.

The counsel also erred in considering the
*scire facias* and proceedings upon it as a writ
of execution or *fi. fa.*

The defendant acted correctly in recording
the document presented, and would have acted

otherwise in forbearing to state what was on
his books in the certificate he delivered to the
plaintiff.

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs.

*Seghers* for plaintiff—*Denis* for defendant.