### *SACERDOTTE vs. DURALDE.*

The recorder of mortgages must make mention in his certificates of all donations recorded, and he has no discretion to exercise as to the validity or effect of the acts recorded.

APPEAL from the court of the parish and city of New-Orleans.

The plaintiff in several instances applied to the defendant recorder of mortgages, for a certificate of mortgage or no mortgage on his property. The latter always included in the

certificate a donation made by a third person to the plaintiff's children.    The petition stated that this form of certificate had operated to the injury of the plaintiff in the sale of his property, and concluded with a prayer for damages, and that the defendant be compelled to alter the form of his certificates.    It was admitted that the defendant was recorder of mortgages at the institution of the suit, but had since resigned.

There was judgment for the defendant, and the plaintiff appealed.

*Canon*, for appellant.

1. The record of mortgages, and the book of donations, are altogether different, and kept in the same office only for the sake of convenience.

2. The recorder of mortgages must in his certificate relate only what is on the registry of mortgages.

3. The registry of donations is ordered and made for purposes totally different, and to operate only between the donor and the donee.

4. The deed of donation in this case can have no effect as a mortgage, because it is a donation of no determinate thing, moveable or immoveable; that no description of the thing given or the amount of its value appears, and

Eastern District
*June*, 1830.

SACERDOTTE
*vs.*
DURALDE.

SACERDOTTE
*vs.*
DURALDE.

that according to the code, nothing can be said to have been given.

5. That this pretended donation is to be tested according to the spirit of the ancient code, being made in 1820.

6. That the thing given not being within the jurisdiction of our courts, the plaintiff has no means of ascertaining its value, and offering a special mortgage.

*Dennis*, for appellee.

1. The recorder of mortgages is bound in his certificates, to mention the mortgages and the donations. *Old Code P.* 465, *art.* 56. *P.* 466, *art.* 58, 59. *New Code*, 3355, 3356, 3357.

2. The plaintiff being tutor to his minor children, the donation in their favour, operates as a lien upon his estate, and must be recorded against him; if he wishes it raised, he should have brought suit against the under tutor of the minors, and not against the recorder of mortgages.

MARTIN, J. delivered the opinion of the court. The plaintiff complains, that the defendant recorder of mortgages, improperly insists in the certificates, he requires of him

a donation made, by a third person to his, the
plaintiffs children; whereby he has lost se-
veral pieces of real property, the purchasers
being deterred, seeing the mention of the
donation in the certificates.

There was judgment for the defendant,
and the plaintiffs appealed.

His counsel has urged, that

1. The books for the record of mortgage,
and that of donations are distinct and dif-
ferent, and are kept in the same office for the
sake of convenience only.

2. The recorder in his certificates, is to
mention such mortgages as appear in the
registry of mortgages only.

3. The registry of donations, is kept for
quite different purposes than that of mortgages,
and concern donors and donees only.

4. The deed of donation in the present case,
can have no effect as a mortgage, it being no
donation of a determinate thing moveable or
immoveable; there is no description of the
thing given, nor is its value mentioned.

5. We think the parish court did not err.

The donation was made under the *Old
Code*, which required the recorder to record
all donations presented to him for that pur-

Eastern District. *June*, 1830.

SACERDOTTE
*vs.*
DURALDE.

pose, 464 *art.* 56, and to deliver to any pe.. son, who shall request a certificate of the mortgage, and donations recorded in his book, and if no such thing exists his certificate shall contain a declaration of it, id. 466 art. 58. The *New Code* has a similar provision, 3356.

The recorder of mortgages must make mention in his certificates of all donations recorded, and he has no discretion to exercise as to the validity or effect of the acts recorded.

The recorder must make mention on his certificate, if all donations recorded, he has no discretion to exercise as to the validity or effect of the acts recorded.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with co°ᵘˢ.