PHELPS *vs.* WILSON.

WESTERN DIST.
*October,* 1840.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, JUDGE KING OF THE FIFTH PRESIDING.

PHELPS
*vs.*
WILSON.

| | |
|---|---|
| 16L | 185 |
| 46 | 670 |
| 16L | 185 |
| 51 | 119 |
| 51 | 122 |
| 51 | 123 |

The sale of a body of land, as *a section* or a fractional section, described as containing a certain number of acres, is not a sale *per aversionem*, but of a limited body; and if there is a deficiency in the measure, or it comes short of the quantity sold, it must give way to the *diminution of price* proportionate to the quantity it is short, if it exceeds one-twentieth part.

This is an action by the purchaser against the vendor, to recover the sum of five hundred dollars, as the proportionate diminution of the price, to the proportion of diminution in quantity of a tract of land, sold by the defendant to the plaintiff.

The plaintiff alleges that, in January 1839, he purchased a tract or fractional section of land, as containing eighty nine and a half acres, at the rate of twenty-five dollars per acre, for the sum of two thousand two hundred and thirty-seven dollars and fifty cents. That since the sale, he has ascertained that the quantity of land is less, by twenty acres, than the quantity he purchased. The land is described as fractional section number 26, of township number 3 north, in range 1 east; situated on the south side of the river in the said Parish of Rapides. He demands five hundred dollars as the price of the twenty acres deficiency, which the defendant refuses; and for which he prays judgment.

The defendant pleaded a general denial.

The land in controversy was surveyed by order of court. According to the plat and certificate returned, the quantity in this fractional section contains only sixty-four 15-100 acres; less than the quantity sold, by twenty-five 35-100 acres.

There was judgment for the plaintiff, allowing him five hundred dollars, the sum claimed, for the diminution. The defendant appealed.

*Hyams* and *Dunbar*, for the plaintiff, insisted that selling a tract of land as so much, and being such a section, is a mere

WESTERN DIST. designation of the situation of the property, and is not a de-
October, 1840. signation of the objects by adjoining tenements, and sold from
PHELPS boundary to boundary, so as to make it a sale *per aver-*
*vs.* *sionem.* *Louisiana Code,* 822, 850.
WILSON.

2. This not being a sale *per aversionem,* and in all other cases where there exists a deficiency of more than one-twentieth part, the purchaser can claim a diminution in price for the deficiency in measure. *Idem.,* 2470, 2467. 5 *Louisiana Reports,* 74 and 358.

*Brower,* for the defendant, insisted that upon reference to the register and receiver's certificate, that the government conveys eighty-nine and a half acres to the purchaser, which was sold for an entire price, with certain defined limits and boundaries, and comes within the definition of a sale *per aversionem.*

2. The sale to the plaintiff is, therefore, a sale *per aversionem,* with certain known limits, for a fixed price, and the defendant is not bound to contribute for any deficiency in quantity. 4 *Louisiana Reports,* 536. 3 *Idem.,* 91.

*Simon, J.,* delivered the opinion of the court.

The object of this action is to recover the sum of five hundred dollars, which the plaintiff estimates to be the value of the deficiency, by him found, in the measurement of a tract of land which he purchased of the defendant.

It appears from the evidence, that the tract sold is described in the act of sale, to be "a parcel of land situate, lying and being in the parish of Rapides, on the south side of Red River, being section number 26, township 3 north, range 1 east, containing eighty-nine 50-100 acres, agreeably to the register's certificate, number 2036, together with all the improvements and appurtenances thereunto belonging." A survey of the land was made by order of the District Court, and instead of the quantity mentioned in the deed, only sixty-four 15-100 acres were found to exist within the limits of the fractional section.

WESTERN DIST.
October, 1840.

PHELPS
vs.
WILSON.

Plaintiff contends that he is entitled to a diminution of the price under the *article* 2470 of the *Louisiana Code*; and the defendant insists that it is a sale *per aversionem*, under which he is not bound to account for any deficiency in the land sold. The District Court gave judgment in favor of the plaintiff and the defendant appealed.

From the description of the tract in the deed of sale, followed by its measure, it appears clear to us, that the defendant sold to the plaintiff a certain and limited body of land, and if so, a sale of this nature must give room to a diminution of the price, if it be found that the real measure comes short of the quantity expressed in the contract by one-twentieth part, *Louisiana Code, article* 2470. *5 Louisiana Reports,* 358. Here, the certain and limited body sold is *a section*; the description or designation of the object is, section 26, township 3, &c. &c., and the extent or measure expressed is eighty-nine 50-100 acres. In order to be considered as a sale *per aversionem*, it is necessary that the object should be designated by adjoining tenements, and sold from boundary to boundary; *Idem., article* 2471, which circumstance does not exist in the sale in question. A section of land has certain limits, which are mathematically established and generally known; from this, it becomes a certain and limited body, and if any deficiency be found in its measurement, this must necessarily result from mistakes made by the surveyor in calculating the superficial quantity of acres of land; and it would be unjust to make the purchaser lose, or to permit him to benefit from such mistakes or miscalculations, when the difference, in more or less quantity, is more than one-twentieth part. On the contrary, in a sale *per aversionem*, the purchaser agrees to take the extent of the land to be found between designated adjoining tenements, and from one boundary to the other, and, in our opinion, the sale from the defendant to plaintiff cannot be understood as being within this last description of contracts. In the same manner as the defendant would have been entitled to a supplement of price for the overplus of the measure, had there been any; so the plaintiff, in our opinion, ought to have the benefit of a diminution of said price, to the extent of the deficiency.

*The sale of a body of land, as a section, or a fractional section, described as containing a certain number of acres, is not a sale per aversionem, but of a limited body; and if there is a deficiency in the measure, or it comes short of the quantity sold it must give way to the diminution of price proportionate to the quantity it is short, if it exceeds one twentieth part.*

We have been referred, by defendant's counsel, to several decisions of this court, as analogous to the present case ; but on a careful examination of all said decisions, we cannot say that any of them may be considered as applicable to the point in controversy.    In the case  reported, 2 *Idem.*, 498, it was a sale of a plantation, bounded on both sides by adjoining described tenements.    In 3 *Idem.*, 90, the tract sold was bounded, above and below, by lands of other persons.    In 4 *Idem.*, 534, the land purchased was stated in the sale to be adjoining lands of P. L. on one side, and those of W. on the other. In 5 *Idem.*, 239, it was a tract of ten  arpents front, by the depth of seven, with  certain fixed  boundaries established by tracts of other persons.    In 7 *Idem.*, 455,  the property sold had  known definite  boundaries which  the court considered sufficient to control  the enumeration of  quantity ; and in 14 *Idem.*, 497, several lots  were  sold with reference  to a plan, and boundaries of the streets by which they were surrounded, and such reference  was also deemed  sufficient to control the measurment of  the lot.

With this view of the question, we think the district judge did not err in giving judgment in favor of the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.