Hon. PIERRE ADOLPHE ROST, }
Hon. GEORGE ROGERS KING, } *Associate Justices.*
Hon. THOMAS SLIDELL, }

### TULANE et al. *v.* LEVINSON.

An allegation, in the answer of a defendant in a petitory action, calling a third person in warranty and disclaiming any title to the property in contest, is not evidence, as against the plaintiff, of possession in the party cited in warranty. To enable the warrantor to avail himself of any legal rights dependent on his possession, it should be established affirmatively as a substantive fact.

An act of sale of land must be registered in the office of the parish judge of the parish in which the land is situated, to have effect against third persons, either as transferring title or possession. It is not sufficient that it be recorded in the office of the register of mortgages. Art. 2455 of the Civil Code, which declares that "the law considers the delivery of immovables as always accompanying the public act transferring the property", is subordinate to those articles which require the registry of acts of sale in the parish in which the land is situated.

Notice is not equivalent to registry in relation to conveyances of real property.

APPEAL from the District Court of Natchitoches, *Campbell*, J. *M. Boyce,* for the plaintiffs. *P. A. Morse* and *Roysdon,* for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J.* This is an action brought for the recovery of a certain lot of ground in the town of Natchitoches, the petitioners alleging that one *Joseph Levinson* wrongfully detains possession of it, notwithstanding their ownership. The plaintiffs purchased the lot at a sheriff's sale made on the 4th February,

---

* SLIDELL J., considering himself as having an interest in the question involved in this case, took no part in it. The decision was made by the other judges.

TULANE
v.
LEVINSON.

1843, under a *fieri facias* which had issued on a judgment obtained in the District Court of the parish of Natchitoches, at the suit of the plaintiffs against *Geo. F. Barney.* The judgment was rendered on the 28th of April, 1842, and was recorded in the office of the register of mortgages of the parish, on the 3d of May of that year. The sheriff's deed to the plaintiffs was regularly recorded. The defendant, *Levinson*, disclaimed all title to the lot in dispute, alleging that he was only the lessee of the heirs and legal representatives of *Jacob Y. Bartlett*, deceased, and that he understands that *John C. Bartlett*, of the town of Greenwich, in the State of New York, is the sole heir of the said deceased, and he prays that said *John C. Bartlett* may be cited in warranty to defend the suit. Two gentlemen of the bar were appointed to represent him, and they appeared for him, and defended the suit accordingly.

The answer alleges the defendant to be the sole heir of the deceased *Jacob Y. Bartlett*; denies that the plaintiffs have any right or title to the lot; and charges that he holds, and still is the legal proprietor of it by virtue of a sale made by *George F. Barney* to *Jacob Y. Bartlett*, on the 19th of March, 1842, by act passed before *William Y. Lewis*, notary public, in the city of New Orleans, and duly recorded in the parish of Natchitoches.

He prays that he may be quieted in his possession of the lot, and the plaintiffs' suit be dismissed with costs. Judgment was rendered for the plaintiffs against the defendant *Bartlett*, for the lot and costs of the suit; and he has appealed.

*Bartlett's* title was not recorded in the office of the parish judge of the parish of Natchitoches, but was recorded in that of the register of mortgages; and the decision of the case depends on the respective rights of the parties under a sheriff's sale, and an unrecorded notarial act passed out of the parish in which the property is situated; the record in the mortgage office not being a compliance with our registry laws concerning sales of real property.

The title and possession of *Barney* neither the plaintiffs nor the defendant contest. *Levinson* is charged in the petition as wrongfully holding possession of the property; but no possession is proved to have been taken or held by the defendant, or his ancestor. It is alleged to have existed in the answer and disclaimer of *Levinson*, but that is no proof of the fact against the plaintiff. It ought to have been established affirmatively as a substantive fact, in order to enable the defendant to avail himself of any legal rights dependent on it. The alleged possession of *Levinson* cannot enure to the benefit of the defendant, without some evidence establishing his connection with it.

It has been urged that possession passed to the ancestor of the defendant in virtue of the notarial act of sale, passed in New Orleans, on the 19th day of March, 1842; and the Civil Code, art. 2455, and the decisions under it, have been referred to in support of that position. This article is evidently subordinate to those which require the registry of acts of sale in the parish where the land conveyed is situated, in order to give effect to the sale against third persons. An act passed in a remote parish, and not recorded in the proper office, can have no effect, as to third persons, either as transferring title or possession. As the case is before us, the defendant rests upon his naked act of purchase made in New Orleans, without possession or any evidence of consideration, except that resulting from the instrument itself.

The title to the lot being in the name of *Barney* on the public records it became subject to the mortgage, which the recording of the judgment created,

on the 3d of May, 1842, and we think could be lawfully seized under the execution issued on the judgment and sold to satisfy the same. It seems to follow as a necessary consequence that. if it could be lawfully sold under this state of things, a purchaser, having a knowledge of the facts, would be justified in buying the property.

It is in evidence, that the plaintiffs' attorney, before the issuing of the *fieri facias* under which they became the purchasers, was apprised of the existence of the act of sale to *Bartlett*, and of its being recorded in the mortgage office ; but that, on finding no record of it in the office of the parish judge, he had the lot seized and bought in for his clients, the plaintiffs. As we consider the right of the plaintiffs to have the property sold to satisfy their debt paramount to that of the defendant under his unrecorded deed, by virtue of their recorded judgment, we do not see how that right can be impaired by this knowledge on the part of the attorney.

The theory that notice is equivalent to registry in relation to conveyances of real property, we do not understand to have been adopted in our jurisprudence. The subject is one of great interest, and by no means free from difficulty. The facts in this case leave no doubt on our minds as to the correctness of the decision of the district judge. *Judgment affirmed.*