<div style="margin-left:margin">MILLS<br>v.<br>CROCKER.</div>

during five years, was certainly worth much more to her, according to the evidence, than the augmentation of the price caused by a calculation of interest upon moneys advanced. We would therefore, had an amendment of the judgment been asked for by the appellee, have amended the judgment of the District Court in this particular. But no such application being made, the judgment must be affirmed as it stands.

Judgment of the District Court affirmed, with costs in both courts.

---

### SUCCESSION OF MRS. M. E. SCOTT, Wife of WILLIAM B. HAYDEN.

The amount due for rent on a lease executed during the community, is a debt of the community, and the lessor has a right to demand an account from the administrator of the deceased wife.

The registry of a judgment obtained against the husband, after the death of the wife, does not create a mortgage on the share of the deceased wife in the real estate of the community—but it does on the husband's share.

And a mortgage on the husband's share cannot be canceled in a proceeding in which the judgment creditor is not represented.

APPEAL from the Sixth District Court of New Orleans, *Lea,* J., presiding. *D. N. Hennen,* opponent. *Cotton & Dorsy,* for appellant.

SLIDELL, C. J. (VOORHIES, J., and BUCHANAN, J., absent.) *Hennen's* lease to *Hayden* being executed during the existence of the community between *Hayden* and his wife, the indebtedness for rent was an indebtedness of the community, and *Hennen* being its creditor, had a right to demand an account from the administrator of Mrs. *Hayden's* succession, and to scrutinize that account when rendered.

The judgments held by *Hennen* were obtained in suits against *Hayden* alone, after Mrs. *Hayden's* death, and we think with the District Judge, that their registry did not create a judicial mortgage upon the share of Mrs. *Hayden's* succession in the real estate belonging to the community. It did, however, upon *Hayden's* share; and as the order canceling the mortgage on that share was made in a proceeding in which *Hennen* was not represented, and to which he was not even constructively a party, we think the court did not err in rescinding that order.

Considering the value of the estate of the deceased, we think the court did not err in reducing the administrator's charge for counsel fees.

We also find no error in refusing *Hayden* commissions as administrator in this contest between him and a creditor of the community, because the estate of the wife is insolvent, and *Hayden* is personally bound to this creditor for the whole debt.

Considering the mode in which *Hayden* has blended his personal and official interests and relations, we think the court did not err in its apportionment of the expenses.

Upon the whole, we find no error in authorizing a reversal, and the judgment is therefore affirmed, with costs of appeal to be paid by the appellant.

Rehearing refused.