## LEWIS GIANNONI *v.* GEORGE GUNNY.

Where *A*, assuming to be the agent of *B*, buys a tract of land in the name of *B*, for whose benefit he pays the price, thereby intending to make a donation to *B*, he cannot afterwards defeat the title of *B*, by executing an act revoking the donation for want of acceptance of the donation by *B*.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin*, J. *A. H. Pierson*, for plaintiff.    *J. B. Smith*, for defendant and appellant.

MERRICK, C. J.    In January, 1852, *Solon Bartlett* and *Freeborn G. Bartlett* executed an act purporting to sell to the plaintiff, represented by the defendant as agent, a certain tract of land for the price of $800.

*Gunny*, the defendant, paid the price of the land acquired, and remained in possession of the same.    The plaintiff was not aware of the purchase until some time afterwards.    The defendant subsequently executed a notarial act, revoking the former act in favor of the plaintiff, assuming that the same was a donation which had not yet been accepted.

The plaintiff has instituted the present action to recover the tract of land and rents and revenues.    The defendant admits the execution of the act, but avers that it was intended as a donation, which has been subsequently revoked.    The verdict of the jury, and the judgment of the court, gave the land to the plaintiff, and awarded the $800, the price, and interest, to the defendant.    The latter appeals.

The appellant calls our attention to a bill of exception to the opinion of the court refusing to admit in evidence the act of revocation of the donation, on the ground that the act could not be received as evidence to contradict the notarial act of sale of the 5th January, 1852, or the enunciation therein contained, because it was the act and declaration of the party alone who offered it, and was in the nature of parol evidence, made by the party offering it.

Without deciding the question whether the testimony ought to have been received, we shall give the defendant the benefit of the same, and will consider it in evidence.

The act of sale, as already said, purported to be between *Solon* and *Freeborn G. Bartlett*, as vendors, and *Louis Giannoni*, the vendee, " represented therein by his agent, *George Gunny*, who declared himself duly authorized to accept for the said *Giannoni*." The vendors, therefore, did not undertake to convey any part of the title to *Gunny*, but to *Giannoni*.    Now, although the agent may (as he says) have intended a donation of the price to *Giannoni*, he could not, without at least the consent of the vendors, by any revocation of his supposed donation, revoke *the sale* until the vendee had declared whether he accepted the same.    It is possible, that in the event he had repudiated the sale, it might have been declared to enure to the benefit of the agent who had paid the price out of his own funds.    But until such declaration, it is clear he could not claim as owner the title to property sold to another by a formal act.    See *Kemper* v. *Smith*, 3 M. 622, and 4 M. 409.

There is no occasion to hold the defendant responsible as an adverse possessor in bad faith.    The only ground on which the plaintiff is permitted to recover is,

by treating the defendant as his agent. The account which he should render of the rents is more than compensated by the improvements.

If there be any hardship in this case, it does not prejudice the plaintiff.

Judgment affirmed.