No. 173.—L. MEYER & BROTHER v. SIMPSON, Sheriff, et. al.

A sale of immovables has no effect against third parties, until it is recorded in the proper office, in the parish where the property is situated. Acts of 1855, page 335 § 2.

APPEAL from the District Court, parish of Caddo. *Levisee*, J. *George Williamson*, for plaintiffs and appellees, *Looney & Wells*, for defendants and appellants.

LUDELING, C. J. The plaintiffs have enjoined the sale of property seized under a writ of *fi. fa.* issued in the case of Simon Levy, Jr., v. Strauss, et al. They claim to be the owners of the property seized, and exhibit, in support of their claim, a notarial act, passed in New Orleans, *but not recorded in Caddo* where the property *is situated*, until after the seizure. They also offered in evidence an act from the judgment debtors to one Rothan, the plaintiffs' vendor, which was recorded before the seizure.

The last act is alleged to be a simulation, and the evidence in the record leaves no doubt in our minds that this position is correct. Rothan, the brother-in-law of the Strauss, came from St. Louis, where he resided, to Shreveport, and in a short time, by successive transfers, the Strauss made sales of their real estate, their interest in a steamboat, and of all their cottons, scattered in Texas and Louisiana, to said Rothan. These sales "*omnium bonorum*" are always suspicious. In this case the testimony of the witnesses and the acts of the parties leave no doubt of the simulated character of the transactions. As

against third persons the sale to Meyers & Co. had no effect until its registry in the parish where the property is. 7 N. S. 661; 2 La. 125; 6 R. 314; 6 La. 530; 2 An. 597, 869; 14 An. 833; Swan v. Moor.

It is not necessary to examine the bills of exceptions taken by the defendant. It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of the defendants dissolving the injunction, with ten per centum on the amount of the execution enjoined, as general damages, against the plaintiffs and Rebecca Meyer and D. L. Tally *in solido*, with the costs of both courts.

Rehearing refused.