## Case No. 4,853.

### FLANDERS v. THOMPSON et al.

[3 Woods, 9.] [1]

Circuit Court, D. Louisiana. Nov., 1876.

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

W. W. Howe, for petitioner.
Sam'l B. Blanc, for defendants.

WOODS, Circuit Judge. The question presented by this case is whether, under the jurisprudence of Louisiana, a trustee holding trust funds, and against whom there stand recorded judicial mortgages, can pay off such mortgages by investing the trust funds in real estate in his own name, and thus subjecting it to the lien of the judicial mortgages so recorded. The facts were these. In the year 1869 the defendant, Edward Thompson, recovered in the fourth district court for the parish of Orleans, two judgments against one H. S. Bell, amounting in the aggregate to $672, and in the same year had them placed on record in the mortgage office of said parish. Afterwards, in 1874, Bell was appointed assignee in bankruptcy of one J. W. Champlin. Certain assets of the bankrupt estate having come to the possession of Bell, in July, 1875, he invested them in two lots in the city of New Orleans, and took the deed therefor in his own name. These facts having been brought to the notice of the bankrupt court, Bell was in November, 1876, removed as assignee and Benj. F. Flanders appointed in his stead, and Bell was ordered to convey the said lots purchased with the means of the bankrupt estate to Flanders the new assignee, which he did. Thompson, by virtue of his judgments against Bell, recorded in 1869, now claims that he has a lien for the amount thereof on the property purchased by Bell and by him conveyed to Flanders, and that his judgments ought to be first paid out of the proceeds of their sale. Under the general system of equity jurisprudence, a claim so unconscionable and so bare of equity would not be listened to.

The purchase by Bell, with the money of the bankrupt estate, subjected the property, though standing in the name of Bell, to a resulting trust in favor of the bankrupt estate: Perry, Trusts § 128; Trench v. Harrison, 17 Sim. 111; Gaines v. Chew, 2 How. [43 U. S.] 619; McDonogh v. Murdoch, 15 How. [56 U. S.] 367. This same doctrine is recognized in Louisiana: Hall v. Sprigg, 7 Mart. [La.] 244; Rhodes v. Hooper, 6 La. Ann. 357; Giannoni v. Gunny, 14 La. Ann. 632; Livingston v. Morgan, 26 La. Ann. 646. The doctrine has been recognized and applied by the bankrupt court in this case, and Bell, who took the title in his own name to real property purchased with the money of the bankrupt estate has been compelled to convey to the assignee.

Now, the question is, does a judgment creditor of Bell who credited him long before he became assignee or acquired title to the property in question, and who has parted with nothing on the strength of Bell's apparent ownership of the property; does such a creditor stand in any better plight than Bell himself?

A judgment creditor is not a bona fide purchaser who is protected against a resulting trust. Story, Eq. Jur. § 410, note; Burgh v. Burgh, Cas. t. Finch, 28; Ex parte Howe, 1 Paige. 125; Keirsted v. Avery, 4 Paige, 14; Towsley v. McDonald, 32 Barb. 611; Moyer v. Hinman, 13 N. Y. 180; Rodgers v. Bonner, 45 N. Y. 379; Birchard v. Edwards, 11 Ohio St. 84; State Bank v. Campbell, 2 Rich. Eq. 179; Dunlap v. Burnett, 5 Smedes & M. 702; Money v. Dorsey, 7 Smedes & M. 15; Dozier v. Lewis, 27 Miss. 679; Watkins v. Wassell, 15 Ark. 73; Thomas v. Kennedy, 24 Iowa, 397.

But it is claimed for defendant that by the jurisprudence of this state as settled by the Code and the decisions of the supreme court, he in whose name the title is recorded must be held to be the owner as to third persons, and the latter are never required to look beyond the records. This may be true so far as it applies to bona fide purchasers or to creditors who become such after the paper title has passed to their debtor. But, as we have seen, Thompson is not a bona fide purchaser, nor is it claimed that the debt due him was contracted by Bell while the latter held the paper title to the property in question. To yield to the doctrine claimed by defendant would be to overturn the law of resulting trusts which is as firmly established in Louisiana as anywhere else. Livingston v. Morgan, supra, and other cases above cited. The right of the defendant to enforce his judicial mortgage upon the property in question is based on article 3328 of the Civil Code, which declares that "the judicial mortgage may be enforced against all the immovables which the debtor actually owns or may subsequently acquire." It is very clear that Bell never was the actual owner of the property purchased with the funds of the bankrupt estate. He was the apparent owner only. For when the bankrupt court ascertained the facts about his purchase of the property it compelled him to convey it to the bankrupt estate.

The defendant relies upon a number of cases decided by the supreme court of Louisiana, but none of them seem to me to be in point. The case of Tulane v. Levinson, 2 La. Ann. 787, is supposed to be conclusive of the point under discussion. In that case George F. Barney was the owner of a lot. On the 19th of March, 1842, he conveyed the lot by public act to Jacob G. Bartlett. The deed was not recorded in the office required by law in order to give effect to its inscription. A judgment was obtained against Barney on the 28th of April, 1842, and recorded in the proper office on the 3d of May following. The property was sold on an execution issued upon this judgment, and purchased by Tulane, and the court held the title of Tulane was good. Now, in that case the debt on which the judgment was rendered had

been contracted while the legal and equitable title was in Barney. Barney was the actual owner. His deed to Bartlett never took effect. Bartlett had an equity and the judgment creditor an equity, and the court merely decided that in such a case the legal title should prevail. In other words, the decision is that when one holding the legal title to property contracts debts which are in suit, and reduced to judgment, his property is liable to seizure on the judgment when obtained unless he has divested himself of title by an effectual conveyance. In the case under consideration, Thompson has not the shadow of an equity. His claim is the naked claim that his judgment recorded years before Bell was ever appointed assignee should be paid out of the funds of the bankrupt estate which Bell had misappropriated.

But it seems to me that the case of Tulane v. Levinson is fairly offset by the later case of Scott v. Hayden, 9 La. Ann. 336. In this case Hayden held the legal title to certain real estate. Hennen had recovered judgment against Hayden and had it recorded, and the question was whether the judgment was a lien upon the share of Mrs. Hayden's succession in the property, the same having been acquired during the community, and nothing appearing upon the record to show that the succession had any interest in the property. The court held that the registry of the judgment created a judicial mortgage on Hayden's share and not on the share belonging to Mrs. Hayden's succession. This case is later than the case of Tulane v. Levinson.

I am unable to come to the conclusion that the jurisprudence of this state would sanction so unjust and inequitable a claim as that set up by the defendant. His claim to be paid out of the proceeds of this sale of the property cannot be allowed.