## No. 140.

### Musson & De Rochefort *v.* Recorder of Mortgages.

Sovereign State cannot be sued without its consent.

Notice must be given mortgage creditor of rule or *mandamus* to cancel and erase inscription of mortgage, except where inscription has existed for a period of ten years.

*Omer Villere,* attorney.

*J. C. Egan,* attorney.

His Honor Judge Frank McGloin delivered the opinion and decree of the court in the words and figures following, to wit;

Plaintiff seeks, by *mandamus,* to compel the recorder of mortgages for the parish of Orleans to cancel the inscription of a state tax for the year 1871, which is registered as bearing upon real property belonging to relator. He alleges a tax collector's sale in 1875, for taxes of 1872, and 1873, contending that all demands of a state prior to said sale were destroyed thereby. It is also urged that the tax whose inscription is complained of is prescribed by the lapse of ten years.

The defense is the general denial coupled with the averment that the state is the party in real interest, and that it has not been impleaded and that it can not be proceeded against in its own courts. If these objections to form and jurisdiction be well taken, the interesting questions presented upon the merits of this controversy need not require a statement, or discussion. It has been determined upon general principles and a long series of decisions, that a mortgage or privilege which is or has been real and not a mere simulation, can not be erased except by consent of all interested parties, or in pursuance

of an order of a competent court, rendered after due notice and hearing to all legally concerned therein. Waters vs. Mercier, 4 La. 14; State vs. Judge Le Blanc, 5 La. 329; Gasquet vs. Dimitry, 6 La. 454; French vs. Prier, 6 Rob. 299; Leverich vs. Prieur, 8 Rob. 97; Deladigue vs. Gainnie, 11 Rob. 171; City Bank vs. Huston, 2 La. Ann. 121; Succession of Scott, 9 La. Ann. 336; Fix vs. Herron, 29 La. Ann. 840; Waldon vs. Duralde, 7 Mart. (N.S.) 464; Florance vs. Mercier, 2 La. 487; Joe Erdotte vs. Duralde, 1 La. 482; Dreux vs. Dupournean, 5 Mart. 625.

This is certainly the doctrine of reason and justice. When the law of individual foresight has given a creditor the valuable right of holding the property of his debtor as a special security for his debt by preference over all others, it would be as unjust to attempt to disbar him of his guarantee without notice, or opportunity of defense, as to endeavor similarly to abrogate the principal obligation itself. If the legislation of the state had expressly provided for the erasure of inscriptions such as the one in question, we might be called upon to take the case out of the operation of this general rule. Relator asks us to do this, relying upon the revised Statutes of Louisiana section 3141, which reads as follows:—

"Art. 3333 of the Civil Code shall be so amended that it shall be the duty of the recorder of mortgages, or persons acting as such, to cancel and erase on the simple application in writing to that effect, by the owner, creditor of the owner, or other person interested, all inscription of mortgages which have existed for a period of 10 years from such inscription, etc."

Without entering into the question whether revised statute Sec. 3141 or the other general laws of prescription are at all applicable to the sovereign, or were intended simply to govern the dealings of its citizens among themselves, it is evident that this enactment must be confined to cases clearly within the purview of its language. The recorder when called upon to comply with the provisions of this law is not to consider the age of the principal obligation, or even of the accessory itself;

but must confine himself to the period that has elapsed since its last inscription. The certificate annexed to relator's petition, disclosest the fact that the recordation in this case was made Jan. 4, 1873, surely less than ten years ago. In no aspect of the case, therefore, can it be said that the respondent has refused to comply with a duty merely ministerial, and that a *mandamus* can issue against him. Neither can it be said that this is a case where the creditor holding the mortgage or privilege is not to be notified and made party.

The relator has, it is true, asked that J. C. Eagan, Esq., attorney general, be cited to answer this petition, etc., "but we know of no law and none has been pointed out to us authorizing the citing of the state of Louisiana in general cases, through this officer, to appear before its courts. If with regard to its facts, the relation of debtor and creditor can be said to exist between the state of Louisiana, and one of its citizens, it is evident that the creditor in such a case is the sovereign, which cannot be summoned without its own consent to defend itself before the tribunals of its own creation. State *ex rel* Hart vs. Burk, 32 La. Ann. 498. We had occasion in the case of State *ex rel* Hartwell vs. Jumel, auditor, 1 McGloin 144 to refer to the principle that the various departments of government are merely the agents of the sovereign; and that the construction is the written procuration; every act of each department is the act of the sovereign itself. In creating its courts, the state commissions them simply to determine controversies arising between citizens or subjects, or to protect the life, liberty, and property of such citizens or subjects. They proceed under its authority, sending forth the process in its name and enforcing decrees with its strength. It is, therefore, not to be supposed that the sovereign principal is subject to the control of its own mandatories, or that its own force and authority can be arbitrarily invoked as a compulsion against itself.

These seem to have been the conclusions of the learned judge *a quo* who refused the writ, and the judgment is affirmed.

Rehearing refused February 20, 1882.