———————o———————

## No. 5964.

## GUISEPPE AMOROSO vs. ALBERT BAUMAN, ET AL.

### Syllabus.

1.  Parole testimony is admissible to prove that the description of a lot in an act of sale was made through error and accident and that the lot actually sold is a different one from that described in the deed.

2.  When it is clearly made to appear that through error the act of sale expresses a different purpose from that which the parties had agreed upon and had intended to embody therein, the Courts will so correct and reform it as to express the real object and intent of the parties.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 97,072. Hon. E. K. Skinner, Judge.

Dreyfous & Danziger, for plaintiff and appellee.

Billings, Rice & Montgomery, for defendant and appellant.

Carroll, Henderson & Carroll, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a suit by a vendor against his vendee, to compel the reformation of the act or deed of sale between them.

In 1909, Amoroso, the plaintiff, purchased what is described in his deed of acquisition as two adjoining lots of ground with the improvements thereon, designated as lots G and H on a certain plan, each measuring about 32 1-2 feet front on Howard street by a depth of 102 feet, lot H forming the corner of Howard and Third streets.

At the time of his purchase, however, the property, though thus described as consisting of two lots of the foregoing dimensions, was in fact physically divided by fences into three lots, each with a separate building or dwelling thereon, the third or new lot, measuring 30 feet on Third street by a depth of 65 feet, being created or carved out by cutting off 32 feet from the rear of the original two lots, thus reducing the depth of the latter to 70 feet. Moreover, according to the fences and enclosures, the width on Howard street of the lot situated at the corner of Howard and Third streets was reduced to about 28 1-2 feet and that of the lot adjacent thereto on Howard street was increased to about 36 1-2 feet.

The buildings or improvements then and now existing on these three physically separated lots consist of a double cottage and outhouses on the new or Third street lot; a double two-story house and outhouses on the lot situated at the corner of Howard and Third streets, the upper floor being occupied as a dwelling and the lower as a store; and on the lot on Howard street, adjacent to the corner lot, a double cottage and outhouse.

In 1911 Amorosco executed the act of sale which he now seeks to reform and wherein the property which he sells

to defendant is described as lot H, forming the corner of Howard and Third streets and measuring about 32 1-2 feet front on Howard street by a depth and front on Third street of 102 feet; that is to say, lot H, the corner lot, is described precisely as in plaintiff's deed of acquisition thereof in 1909 and as if no physical subdivision of the two lots into three lots existed.

Plaintiff claims that what he intended to sell and defendant intended to buy was in fact the corner lot inclosed within the actual fences, with the double two-story building and outhouses thereon, and measuring according to said inclosures about 28 1-2 feet front on Howard street by a depth and front on Third street of 70 feet; and he charges that the error of description in the deed was caused and induced by the fraud and misrepresentation of defendant who well knew of the error when the deed was executed.

The exception of no cause of action and defendant's objection to parole testimony are grounded upon the contention that the allegations of fraud and misrepresentation are not sufficiently specific. They were properly overruled; for even if all allegations on that score be eliminated, the averments of the petition with respect to error alone are ample to sustain the action and to admit of parole proof:

See authorities hereinafter cited.

On the merits the case is clearly with plaintiff, for the matter complained is shown to be one of mutual error from the effects of which the law grants relief.

In the first place, if the sale is given the effect that the description in the deed demands, the result will be not only to give defendant a greater depth and width than the position of his side and rear fences indicate, but also to cut in two and render valueless the house on the Third

street lot, as well as to include a useless segment thereof within defendant's rear boundary.

In the second place, the preliminary agreements between the parties upon which the final act of sale was intended to be based described simply "the property situated at the corner of Third and Howard streets, consisting of a double two-story frame building," no dimension of frontage or depth being indicated, the parties apparently devoting no attention to this feature of the transaction, and evidently relying in this regard upon the concrete and visual designation of the extent of the premises afforded by the existing fences.

In the third place, for many months prior to and at the time of the sale, defendant had been the tenant under plaintiff of the very property at the corner of Howard and Third streets, which he sought to purchase, using the lower floor of the building in his business of druggist and the upper floor being occupied by him and his family as a dwelling. And since his purchase and until the matter of the present controversy was agitated by plaintiff, the defendant has not occupied, possessed or claimed under his deed any other property than that embraced within the inclosure of the fences, the plaintiff meanwhile paying all the costs of insurance, as well as collecting all the rents in connection with the other two properties.

And finally, if more evidence were required to establish plaintiff's case there is the testimony of defendant himself and of the agent who conducted the negotiations for him, wherein it is frankly and unqualifiedly admitted that the intention of defendant was to buy simply the property he was then occupying as a tenant and no other.

This is clearly a case of mutual error where, through accident or inadvertence, the act of sale was not made to

express the common purpose and intention of the parties. Under such circumstances, the courts will grant relief by ordering that the deed be so reformed as to evidence the actual transaction between the parties.

The jurisprudence applicable to the subject is uniform and well settled to the effect: First, that parole testimony is admissible to prove that the description of a lot in an act of sale was made through error and that the lot actually sold is a different one from that described in the deed; and secondly, where, as in this case, it is clearly made to appear that through error the act of sale expresses a different purpose from that which the parties had agreed upon and had intended to embody therein, the Courts will so correct and reform it as to make it express the real object and intent of the parties.

> Palangue v. Guesnon, 15 La., 311; Wurzburger vs. Meric, 20 Ann., 415; Fleming & Baldwin vs. Scott & Watson, 26 A., 545; Levy vs. Ward, 33 A., 1305; Vignie vs. Brady Charpaux, 35 Ann., 560; Ker vs. Evershed, 41 Ann., 15; Favrot & Livaudais vs. Stauffer, 112 La., 158; Penn vs. Rodriguez, 115 La., 174; Coleman vs. Thibodaux, 119 La., 474; see also King vs. Hacket, 7 Ct. of App., 497; Harral vs. Lyons, 5 Ct. of App., 315.

The foregoing are but a few of the numerous cases in our reports wherein these principles appear to have been sanctioned and applied.

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 12, 1914