No. ——

First Circuit Appeal

A. R. LILLEBURG v. W. J. COLEMAN

(February 18, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Sales—Par. 193.**
Under Article 847 of the Civil Code, where two titles emanating from the same author conflict, the most ancient must prevail.

Appeal from the Parish of West Baton Rouge, Hon. Wm. C. Carruth, Judge.

This is a suit to recover a strip of land.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. K. Strickland, of Baton Rouge, attorney for plaintiff, appellant.

J. A. Carville, of Plaquemine, attorney for defendant, appellee.

LECHE, J. This suit is instituted as an action in boundary. It is not shown why plaintiff adopted this form of action, as it is in reality a petitory action to recover a strip of land measuring ten feet in width by one hundred and eighty-seven feet in depth, claimed to have been bought by him as an integral part of lot two in the village of Sunrise. The form of action, however, is not questioned. Defendant owns lot one and occupies the strip in question as forming part of lot one. Defendant's act of purchase includes these ten feet according to the description in his deed.

Both parties acquired from the same author, plaintiff in 1919 and defendant in 1912. Defendant went into possession as soon as he acquired and the present demand was filed in December, 1919.

When defendant bought in 1912 there was nothing to prevent his author from increasing the frontage of lot one to forty feet. It is true that a plat on file in the recorder's office clearly showed that all the adjoining lots measured forty feet front, and that it indicated in very small and obscure figures that lot one had a front of only thirty feet, but it is also true that defendant's author then owned the adjoining property and could lawfully increase that frontage to forty feet without affecting the right of any person save his own. Defendant bought in good faith and went into possession by erecting a home on the lot and by enclosing the same. It was only seven years later that this same author then sold lot two, including the same ten feet, to plaintiff, and therefore defendant's prior title must prevail. No rule in jurisprudence as to the effect of a plat deposited in the recorder's office can offset the clear terms of Article 847, C. C., providing that where two titles emanating from the same author conflict, the most ancient must prevail. Minor vs. Daspit, 128 La. 33, 54 South. 413; Beattie vs. Burke, 132 La. 973, 61 South. 1000.

The judgment appealed from should be affirmed and it is so ordered.

———

ELLIOTT, J.—DISSENTING OPINION

The Sunrise Realty Co. sold to defendant, William J. Coleman, by title, which purports to deliver to him: "A certain tract or lot of ground in the town of Sunrise, being lot No. 1 of square No. 1 of said town, measuring 40 feet front by 181.57 in depth between parallel lines, as will more fully appear by reference to map of said town of Sunrise on file in the clerk of

court's office of the parish of West Baton Rouge".

And about seven years later the Sunrise Realty Co. sold to plaintiff, Arthur Roy Lilleburg, by title which purports to deliver to him, which, so far as is pertinent, may be described as: "A certain tract or lot of ground in the town of Sunrise, being lot No. 2 of square No. 1 of said town of Sunrise, measuring 40 feet front by ———— depth between parallel lines, as will more fully appear by reference to the map of said town of Sunrise on file in the clerk of court's office in the parish of West Baton Rouge."

The map referred to in both titles had been made and recorded as provided for by Act 135 of 1896, previous to the sale of lot No. 1. The map shows that lot No. 1 measures in fact but 30 feet front, instead of 40, as stated in the title to Coleman, and that lot No. 2, sold to Lilleburg, has a front measure of 40 feet as stated in the title to him.

The language of the title and the proper deduction from the testimony of Coleman is that the thing sold and delivered to him was lot No. 1, according to the map—"A certain object which forms the matter of agreement." C. C. Art. 1779, Nos. 3 and 2438.

When there is a difference between the front measure which a town lot is said to have in the act whereby it has been sold and that which it has in fact and according to a map made and recorded as provided by the law, Act 135 of 1896, "as will more fully appear by reference to map of said town of Sunrise on file in the clerk of court's office," etc., then the frontage measure governs which the lot has in fact and according to the map. Kirkpatrick vs. M'Millen, 14 La. 497; Puig Bros. vs. Carter, 20 La. Ann. 414; Gallaher vs. J. T.

Michel, 26 La. Ann. 41; Fleming & Baldwin vs. Scott, 26 La. Ann. 545; Buisson vs. McNeil, 9 La. Ann. 445; Millikin vs. Minnis, 12 La. 539; Phelps vs. Wilson, 16 La. 185; Brown vs. Broussard, 43 La. Ann. 962, 9 South. 911; Messick vs. Mayer, 52 La. Ann. 1176, 27 South. 815; Meyer vs. Comegys, 147 La. 852, 86 South. 307; Administrators of Tulane Educational Fund vs. Stair, 148 La. 11, 86 South. 595; Favrot & Livaudais vs. Stauffer, 112 La. 158, 36 South. 307.

The law, C. C., Art. 847, "if the parties claim under simple acts of sale, and if they have acquired from a common proprietor, the preference shall be given to him whose title is the most ancient in date," etc., cited in the opinion adopted by the majority of the court, can not, in my opinion, apply to this case, because it is not the intention of this law to prevent the recognition of errors of fact provided for in the Code; but has application to contracts in which questions of error are not a feature of the controversy.

It seems clear to me that the proper deduction from the language of the Coleman title and the testimony of Coleman as to what he intended, etc., is that the front measure of 40 feet, which lot No. 1 is said in his title to have, is an error of fact on the part of both buyer and seller. And the fact that Coleman, acting under the error, believed that his lot had a front measure of 40 feet cannot under the law create in him a title to 10 feet front from the northern side of the adjoining lot 2, when there was no intent on the part of buyer and seller to sell or buy part of lot 2 according to the map. Intent to sell or buy part of lot 2 according to the map is negatived by the fact that the parties to the act do not mention lot 2 in the title. The fact that Coleman, acting under error and believing that his lot had

a front measure of 40 feet, took possession of that frontage, is equally unavailing, without prescription, to create in him a title to 10 feet from the northern side of the adjoining lot 2.

The fact that Sunrise Realty Co. owned at the time of selling to Coleman the adjoining lot 2 and could have sold him 10 feet from the northern side of same is not equivalent to doing so.

The error of the parties to the Coleman title as to the front measure comes within the terms of the law, C. C., Art. 1821. The error does not invalidate the sale. C. C., Art. 1842, and C. C., Art. 2494.

According to the map made and recorded previous to the sale of lot 1 and with reference to which the sale was made, it is impossible for Coleman to have under his title calling for lot No. 1 more front measure than the lot has in fact. It can not be given to him except by taking 10 feet from the northern side of lot 2 and adding same to lot 1 and the courts should not do that.

Not only the above, but suppose there was allegation to the court, prayer and evidence that Sunrise Realty Co. intended to sell and Coleman to buy, in addition to lot No. 1, ten feet from the northern side of lot 2. The Coleman title does not call for any part of lot 2, therefore Lilleburg was not informed by the conveyance records that any part of lot 2 had been sold. The registry of Coleman's title calling for lot No. 1 according to the map did not put Lilleburg, a third person, on his guard, as required by the registry law, that the front measure which the lot was said to have could not be satisfied except by taking ten feet, or one-quarter, of lot 2 adjoining it. Consequently, under the law, Coleman's front measure to the extent that it exceeds that proper to lot 1 ac-

cording to the map is null and void as against Lilleburg, a subsequent purchaser from Sunrise Realty Co., of lot 2, with the front measure proper thereto according to the map and called for by his title. McQueen vs. Flasdick-Black Land and Lumber Co., 135 La. 708, 65 South. 900; Webster Sand, Gravel and C. Co. vs. Vicksburg, S. & P. Ry. Co., 129 La. 1096, 57 South. 529; John T. Moore P. Co. vs. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840-841; McDuffie vs. Walker, 125 La. 153, 51 South. 100; Hutchinson vs. Rice, 109 La. 30, 33 South. 57; L. Meyer & Brother vs. Simpson, 21 La. Ann. 591; Tulane vs. Levinson, 2 La. Ann. 787; Prevost vs. Ellis, 11 Rob. 56; Duplessis vs. Boutte, 11 La. 342.

I therefore dissent and contend with respect that the judgment appealed from herein is erroneous and should be reversed and judgment rendered in favor of Lilleburg as prayed for by him.

As for Coleman, recourse against Sunrise Realty Co. should be reserved to him as to all rights he may have against them under the law.