PROVOSTY, J.
The plaintiff bank alleges that it acquired in 1878 the W. % of E. % of section 9, township 22, range 14, parish of Red River, containing 178.30 acres, and in error sold it to the defendant Henry J. Lenoir in 1900 as containing 50 acres, intending to sell only 50 acres, the price being $850; that said land was worth from $30 to $50 per acre or from $5,000 to $8,000; that defendant well knew the area of said land, and acted in bad faith; and that said sale should be set aside for lesion beyond moiety, and as having been made in error on petitioner’s part.
The plaintiff further alleges that defendant Lenoir sold the land to John Caldwell, who sold one-half thereof to Robert S. Doles, and that these vendees knew that the land contained 178.30 acres. These vendees are asked to be cited, and the sale is asked to be set aside to them also.
The facts are: That the land is situated on the banks of Red river, and that part of it was supposed to have been washed away by the river. How much was not known. That a levee was about to be constructed across it, and no one knew how much of it would be thrown out. That both plaintiff’s local agent and defendant were familiar with the situation, and knew that a great deal more than any 50 acres would be left on the land side of the levee. That defendant’s offer to the local agent was to buy the land in bulk for a> lump price, no mention, being made of acreage, and that this offer was transmitted to-the bank as made, and was accepted. That the act of sale was passed in New Orleans, defendant being represented by an attorney in fact. That the power of attorney to this attorney in fact was by authentic act executed before the local agent of plaintiff, who was the clerk of court. That this power of attorney described the land as containing “50 acres, more or less.” That Mr. Nott, president of the bank, who represented the bank in-the matter of the sale, was led by this, and, he says, by conversations which he had had with the local agent of the bank, to believe that the land contained only 50 acres.
The evidence fails to show what is the present actual area of the land, but does show that something like 100 acres of it is on the-land side of the levee, and that there is also a good deal on the river side. The evidence-shows that at- the date of the sale $5 to $7' per acre was about the value of the land, that the levee was taking a considerable portion of the front part, and that the back part ran into a lake. All of the land on the land side of the levee has now been reclaimed and is in cultivation. What is the value of that part of the land on the river side of the levee the evidence does not show, except that it is. of little value. We are satisfied that any statements which the local agent of the bank may have made to Mr. Nott touching the area of the land must have had reference to the-area that would probably remain on the land side of the levee, or be protected from overflow and be cultivable after the levee should be built; and this is, doubtless, what was meant by fixing the area at 50 acres, more or-less, in the power of attorney.
Plaintiff’s learned counsel make in their-brief the following admission:
“In the outset we do not contend that we-have discharged the. burden of proof put upon us in proving- our allegations of lesion.”
*723 The ground of lesion heing thus abandoned, there remains only that of error.
Had this ground of error been from the beginning the sole ground of the action, we are satisfied that an exception of no cause of action would have been filed, and, had it been filed, it would have had to be sustained. For the error alleged was only as to the quantity, and the Code is express that an error as to quantity does not give rise to an action for the rescission of the sale on the part of the vendor, but only to an action for a supplement of the price. The articles of the Civil Code bearing on the subject read as follows:
“Art. 2492. If the sale of an immovable has been made with indication of the extent of the premises at the rate of so much per measure, the seller is obliged to deliver to the buyer, if he requires it, the quantity mentioned in the contract, and if he cannot conveniently do it, the seller is obliged to suffer a diminution proportionate to the price.
“Art. 2493. If, on the other hand, there exists an extent of more than what is specified in the contract, the buyer has a right, either to give the supplement of the price, or to recede from the contract, should the overplus be upwards of a twentieth part of the extent which is declared.
“Art. 2494. In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of the price, in favor of the seller, for the overplus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary.”
“Art. 2496. In the case where there is room for an augmentation of price for the surplus •of the measure, the buyer has the option to give the supplement, or to recede from the contract.”
There is another feature of the case, which need not be discussed, but which might be another reason why plaintiff could not recover. The act of sale contains the stipulation that the sale was made “without warranty as to area, extent, or boundaries, and without recourse upon the said bank for any deficiency therein.” It would seem that a sale containing such a stipulation as this would be in the nature of a sale per aversionem.
But, even if the suit could be maintained as against the defendant Lenoir, it certainly could not as against the vendees of Lenoir, who are shown to have acquired in good faith.
Judgment affirmed.