No. 2219

First Circuit

---

HAAS v. GUILLORY

---

(Jan. 7, 1927. Opinion and Decree.)
(Feb. 12, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Acts—Par. 31, 33; Surveyors and Surveys—Par. 2, 7, 9.

When the measurement and acreage called for in an act are in conflict, the masure which the property is said to have, prevails over the acreage which the measure is said to contain.

2. Louisiana Digest—Acts—Par. 51; Petitory and Possessory—Par. 38.

Where the evidence in a· petitory action shows that no survey was made after the property was purchased and that according to the deed, the preponderance of evidence and the surrounding circumstances, one hundred arpents had been reserved and not sold by the vendor, it· must be so held by the court.

3. Louisiana Digest—Appeal—Par. 625; Petitory and Possessory—Par. 44.

The finding of the trial court on a matter of fact, namely, that the plaintiff in a petitory action did not prove title to the land claimed, being clearly correct, is affirmed.

Appeal from the District Court, Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Estate of Dr. John A. Haas against Alcee Guillory.

There was judgment for defendant and plantiffs appealed.

Judgment affirmed.

John W. Lewis, of Opelousas, attorney for plaintiffs, appellants.

J. Hugo Dore, of Ville Platte, attorney for defendant, appellee.

ELLIOTT, J. Petitory action to recover a parcel of ground alleged to belong to plaintiffs as part of a tract originally acquired from defendant, Alcee Guillory, owner of the NW¼ of section 29, township 5 south, range 1 west, containing 163.69 acres, sold part of same to Dr. R. Taylor Marshall, by authentic act passed before James J. Lewis, notary public, on December 11, 1897; saving and excepting from the land sold "forty arpents and improvements thereon, being the north end of said above described land, commencing on the northern boundary, running south ten arpents, thence east ten arpents, thence north ten arpents and having a front of ten arpents on the northeast corner."

Dr. Marshall transferred part of the tract which he received to Dr. John A. Haas, that part situated west of the body which Mr. Guillory reserved. Dr. Haas departed this life, leaving the plaintiffs, Mrs. Jeannette Roos Haas, his widow in community and Mrs. Nathalie Haas Hirsch, his. daughter, his sole heir. They allege their ownership of the land described in their petition as his widow in community and heir;- by virtue of the title which he received from Dr. Marshall and which Dr. Marshall received from defendant as above stated. That defendant has entered on and enclosed thirty-two acres of their land and refuses to deliver same to them. They sue to recover it and for $288.00 on account of the use for three years.

Defendant denies that the land described in plaintiff's petition belongs to them. He admits possession in himself and alleges that the land belongs to him, that it is part of the land reserved in the act executed by him in favor of Dr. Marshall as above stated. He alleges further, that being poor, illiterate, without experience and desiring to secure a home for himself and family and having confidence in Dr. Marshall, who was educated and experienced in business affairs, he consulted him and entered into an agreement with him, whereby Dr. Marshall directing him as to the steps to take, he entered the quarter section above mentioned as a homestead, under the laws of the United States and agreed in consideration of Dr. Marshall's help and financial assistance, to make him a title to half of the property. That Dr. Marshall and the notary public before whom the act mentioned was signed, represented to him that he was retaining title under said act to one hundred arpents of said land, in the northeast corner of the section, having ten arpents front by ten in depth. That the

acreage which said act states that the reserved body had, was an error on the part of the notary ublic. That the acreage reserved was in fact one hundred arpents. That he has been in the open peaceable possession as owner of said acreage under said act since its execution.

The question for determination is whether the acreage reserved in the act of December 11, 1897, was forty arpents, as stated in the act, or one hundred arpents, that being the amount, called for by the measure which the body reserved is said in said act to have. It is not alleged in the petition of the plaintiffs that the statement in the act from Mr. Guillory to Dr. Marshall, that the body of land reserved, measured in fact, ten arpents in front by ten in depth was erroneous. The allegation is that the acreage reserved was but forty arpents. The theory of the plaintiffs is that the number stated, prevails over the measurement which the body reserved was said to have; that the act being on that account ambiguous, the acreage question should be construed against the seller, citing Civil Code Arts. 1957, 1958, 2474, and decisions of the Supreme Court, enforcing the rule contended for in the cases cited.

The law provides that in cases where the mutual intent of the parties to a contract cannot be ascertained, with certainty, but remains in doubt, and if the doubt or obscurity exists for want of necessary explanations which one of the parties ought to have given, or from negligence or fault of one of the parties, then the construction most favorable to the other party shall be adopted. That the seller must explain himself clearly respecting the extent of his obligations; obscure or ambiguous clauses are construed against him. If the mutual intent appears from the act, then the intent of

course governs and the act must have effect as intended.

The act from Guillory to Marshall shows that a certain body of land was reserved, according to measure, ten arpents in front, by ten in depth, out of the northwest quarter of section 29, situated in the northeast corner of the section. The description calls for a square body having a certain measure, which measure necessarily contains one hundred arpents. The reservation "commencing on the northern boundary, running south ten arpents, thence east ten arpents, thence north ten arpents and having a front of ten arpents on the northeast corner," is a reservation of one hundred arpents, and governs the statement that the acreage reserved was forty arpents. Civil Code Arts. 2492, 2493, 2494, 2496; Phelps vs. Wilson, 16 La. 185; Williams vs. Bernstein, 51 La. Ann. 115, 25 So. 411, p. 123; Citizens Bank vs. Lenoir, 118 La. 720, 43 So. 385.

In Meyer vs. Comegys, 147 La. 852, 86 So. 307, the Supreme Court held that when the measurement and acreage called for in an act are in conflict, the measure which the body is said to have, prevails over the acreage which the measure is said to contain. The case could have been decided on this ground, but both sides introduced evidence, the purpose and object of which was to show how the question of acreage was construed by the parties themselves.

Dr. Marshall and Dr. Haas have been dead only a few years. James J. Lewis, the notary before whom the act was passed, was not called as a witness, the reason why does not appear. The plaintiffs produced two witnesses, both of whom had been the agents of Dr. Haas for the purpose of renting and selling his lands.

They testified that Mr. Guillory at one time wanted to buy from Dr. Haas through them, the land now claimed by plaintiffs and one of them states that he did at one time agree to buy it. That he prepared an act pursuant to their agreement and sent it to be signed by Dr. Haas, but the deal finally fell through because of defendant's inability to raise the price. This unsigned act is in the record. Mr. Guillory does not know how to read or write. The record shows that he always signed by making his mark. We are not satisfied from the evidence that he understood that the land which he talked of buying from Dr. Haas was part of the ten arpents by ten body that he reserved, nor that he ever admitted that the acreage of the body reserved was but forty arpents.

The testimony of plaintiffs' witnesses are indefinite as to the understanding of Mr. Guillory on the subject. Mr. Guillory testifies that he never spoke of, nor thought of buying any of the body of land he had reserved, that the land he spoke of buying and had in mind to buy, was farther out, meaning farther west than the land claimed by the plaintiffs. The same witnesses testified that Mr. Guillory, acting through them, rented from Dr. Haas and paid rent for the land claimed by the plaintiffs. Mr. Guillory admits that he rented some land from Dr. Haas; but denies that it was the land claimed by the plaintiffs, that it was farther out and beyond that over which he exercised authority as reserved in the sale from him to Marshall. Defendant's denials and explanations seem to be consistent and bear the semblance of truth. We are not satisfied that he ever sought to buy or rent the land involved in this suit. Plaintiffs further argue that it is shown by an act of mortgage which Mr. Guillory executed in favor of Dr. Haas on November 13, 1908, that he had only one hundred ar-

pents of land, more or less, made up of forty arpents reserved at the time of selling to Dr. Marshall and in addition fifty arpents acquired on December 22, 1898, from Dr. Marshall.

Mr. Guillory testifies that the act of mortgage in question was prepared by Dr. Haas to suit himself; that he did not furnish the description used in the act, that it was the work of others and with which he had nothing to do. That he only mortgaged the fifty arpents that he bought from Marshall, that Dr. Haas refused to take a mortgage on more than that. The act of mortgage does not in our opinion refute the claim of the defendant.

Plaintiffs also urge that an act dated December 22, 1898, and whereby Dr. Marshall sold to Mr. Guillory the SE¼ of the NW¼ of section 21, township 5 south, range 1 west, shows that Mr. Guillory reserved but forty arpents in the act of December 11, 1897. This act of December 22, 1898, was passed before James J. Lewis, notary public, the same officer before whom the act of December 11, 1897, was passed. The statement in the act that the land sold by Marshall to Guillory is situated in section 21 is error. The land sold was situated in section 29. The error mentioned was not discovered until November 13, 1908, when Dr. Haas, engaged in looking up Mr. Guillory's property for the purpose of taking a mortgage on that part covered by the mortgage, discovered it. Dr. Marshall corrected the description by act before Leon S. Haas, notary public, on November 30, 1908, showing that the land was, in fact, situated in section 29.

The plaintiffs argue that defendant can not be regarded as having reserved in the act of December 11, 1897, ten arpents in front by ten in depth, because such a depth would conflict to the extent of about 25 arpents with the SE¼ of the NW¼ of section 29, acquired by defendant from Marshall by the act of December 22, 1898. The map offered in evidence shows that the conflict exists to the extent claimed.

It is established that the reservation of ten arpents in front by ten in depth, takes half of the area covered by the description SE¼ of the NW¼ of section 29 above mentioned. Mr. Guillory testifies that he was not aware that the description in the act of December 22, 1898, was in conflict with his reservation in the act of December 11, 1897, at the time of buying from Dr. Marshall; that the conflict was unknown to him until after the institution of the present suit against him when it was discovered and made known to him by his attorney in the present case. His denial and explanation has been considered and accepted.

The phraseology of the act of December 11, 1897, indicates that Dr. Marshall and Notary Lewis were not familiar with the size and shape of the government subdivisions of land. The NW¼ of section 29 is a square body of land. Ten arpents in front by ten in depth is also square. If they had been familiar with the government subdivisions, ten arpents in front by ten in depth would not have been referred to as the north end of the quarter section and as fronting on the northeast corner. The act of December 22nd also states that the government subdivision mentioned contains fifty arpents. The acreage of a government subdivision can be stated in arpents, but it is not usually done.

The quantity of land reserved in the act from Guillory to Marshall was disclosed by the recorded title. Dr. Haas buying

under such a description, acquired no greater rights against Mr. Guillory than Dr. Marshall had, even had greater been claimed, which is not done. It seems reasonable from the evidence that if Dr. Marshall had understood that Mr. Guillory had sold him all of the NW¼ of section 29, containing 163.69 acres, except forty arpents, that a conflict would have come about during the lifetime of Dr. Marshall leading to a survey of the property sold; separating it from that reserved.

Mr. Guillory testifies that the line separating the property he sold to Dr. Marshall from that which he reserved has never been established by a surveyor, that he just maintained authority over what he estimated was 100 arpents reserved. The reservation of ten arpents front by ten in depth must have become known to Dr. Haas as a result of the examination of defendant's title which he made or caused to be made for the purpose of the mortgage he took from Mr. Guillory. If he had not understood that Mr. Guillory had reserved 100 arpents, there would have been a conflict of authority between him and the defendant during his lifetime which would have brought about a boundary survey. We hold with the district judge that the plaintiffs have not made out their title to the land claimed in their petition, that same justly belongs to the defendant.

Judgment affirmed. Plaintiffs and appellants to pay the costs in both courts.